No. 8687.

## CLARK ET AL. *v.* RHOADS ET AL.

LANDLORD AND TENANT.—*Notice to Quit.—Lease.—Rent.*—A parol lease to run until the landlord shall sell the premises at a certain price, the rent to be paid every two months, is good, and on the happening of the contingency the lease terminates, no notice to quit being necessary.

EVIDENCE.—*Admissions.*—A witness, on cross examination, denied having made a certain statement inconsistent with her testimony in chief, whereupon a witness of the adverse party was permitted to testify that she so stated.

*Held,* that it was not error to refuse to permit the adverse party to have his witness repeat this statement, *as an admission.*

From the Montgomery Circuit Court.

*R. B. F. Peirce* and *L. J. Coppage,* for appellants.

*J. F. Harney,* for appellees.

MORRIS, C.—The appellees, William M. Rhoads and Daniel Stamp, brought this suit to recover from the appellants, Charles Clark and Thomas Carroll, the possession of a part of lot No. 7, in block No. 4, in the old plat of the town of Ladoga, Montgomery county, Indiana. The first paragraph of the complaint is in the usual form. The second describes the premises by metes and bounds; avers that the appellants verbally leased the same on the 13th day of January, 1879, from Phebe Clements, then the owner of said lot, until she should sell the same for $1,700; that on the 29th day of August, 1879, the said Phebe Clements sold and conveyed said lot to the appellees for $1,700, of which sale the appellants had due notice; that the appellants unlawfully hold possession of said

lot, though requested by the appellees, before the commencement of this suit, to give and yield to them the possession of the same. The appellants answered the complaint by a general denial. The cause was tried by a jury, who returned a verdict for the appellees.

The appellants moved the court for a new trial, for the following, among other reasons:

That the verdict was not sustained by sufficient evidence, and because the court erred in refusing to admit certain testimony offered by the appellants.

The error assigned is the overruling of the appellants' motion for a new trial.

The testimony is quite conflicting. There is evidence legally tending to prove that Phebe Clements leased to the appellants the premises in controversy from the 13th day of January, 1879, until she could sell the same for $1,700, upon the happening of which event the tenancy was to terminate; that the rent was to be $12.50 per month, and payable every two months; that on the 29th day of August, 1879, the said Clements sold and conveyed said premises to the appellees for the sum of $1,700, of which sale the appellants had notice; that possession of the premises had been demanded by the appellees and refused by the appellants before suit was commenced. There was no testimony tending to show that a month's notice to quit had been given to the appellants, or that a month's notice to quit on the 13th of any month had been given to them. The testimony of the appellants tended strongly to show that they had leased the premises from Mrs. Clements for two years from the 13th day of January, 1879.

This court will not weigh the conflicting testimony and determine where the preponderance lies. If, upon the facts which the testimony tends to establish, the law will sustain the verdict, this court, as it has often held, will not disturb it.

The real question is, Did the sale and conveyance of the premises by Mrs. Clements to the appellees, on the 29th day of August, 1879, terminate the tenancy of the appellants? In

answering this question we must assume, as there was evidence given in the case legally tending to establish the facts, that the premises were verbally leased by Mrs. Clements to the appellants until she could effect a sale of the same for $1,700, at which time they were to give up the possession; that on the 29th day of August, 1879, she did sell and convey the lot to the appellees for $1,700, of which the appellants had notice. To these facts Mrs. Clements testifies, and some of them were testified to by other witnesses.

It was quite competent for Mrs. Clements and the appellants to make the verbal lease as above stated, and to limit the duration of the term upon the contingency of the sale of the leased premises. There is nothing illegal or wrong in such a contract, and we know of no reason why it should not, in its obvious spirit and meaning, be obligatory upon the parties, and its performance enforced.

The agreement to give up the possession upon a sale of the premises, or to hold until a sale should be made, operated as a contingent limitation of the term, and when the contingency happened, the term was at an end—the whole interest and the right of possession thereupon vested in the appellees.

"A limitation," says Taylor, in his work on Landlord and Tenant, section 273, " marks the period which is to determine the estate, without entry or claim, and no act is necessary to vest the right in him who has the next expectant interest." *Den* v. *Hance*, 6 Halst. 244; *Miller* v. *Levi*, 44 N. Y. 489.

Upon the sale and conveyance of the premises in controversy, by Mrs. Clements to the appellees, the rights of the appellants under the verbal lease, its terms being as stated by Mrs. Clements, terminated, and the interest vested in the appellees without any act or claim on their part.

If the appellants were, as they contend, entitled to one or two months' notice to quit, the lease and its manifest purpose would be defeated. The obvious purpose of the lessor was to so lease the lot that, when she should find a purchaser, she

could put him in possession. The fact that the rent was to be paid every two months did not fix the duration of the term. The rent may be payable during or at the expiration of the term, or in advance, or after its termination. The time of its payment does not fix the term of holding. *Ela* v. *Bankes,* 37 Wis. 89 ; *Hollis* v. *Pool,* 3 Met. 350.

On cross examination, Mrs. Clements, the principal witness on the part of the appellees, was asked : "Did you not tell Dr. M. C. Drake, in Ladoga, a short time after you rented the premises to defendants, that you had rented to them for two years ?" She denied that she had so stated. She was also asked if she had not, on the 20th of January, 1879, in the alley near the premises, made the same statement to one J. M. Donaldson, which she also denied.

Dr. Drake was then called as a witness, and asked by the appellants : "Did Mrs. Clements tell you in Ladoga, a short time after she had rented the premises to defendants, that she had rented to them for two years ?" To this question, the Dr. answered "yes." The appellants then, as the bill of exceptions states, offered to prove by this same witness, as an admission made by Mrs. Clements in the same conversation, that she had "told him soon after she had rented the property in question to the defendants and before she had conveyed it to the plaintiffs, that she had rented it to defendants for the period of two years." To this appellees objected and the court sustained the objection. It is insisted that in this the court erred.

It is quite clear, that, after having proven by Drake the statement claimed to have been made to him by Mrs. Clements, the appellants thought it necessary, in order to entitle the statement to be considered as an admission made by Mrs. Clements while the owner of the lot, to re-prove by the same witness the same statement. This was not necessary. The statement of Mrs. Clements had been proven without objection. Whether proof of the statement had been made for

the purpose of impeaching Mrs. Clements. as a witness, or that it might be considered as an admission, or both for the purpose of impeachment and as an admission, does not appear. It was hardly necessary to repeat the proof, in order that the statement might be considered as an admission of Mrs. Clements in relation to the time for which she had leased the lot and also as an impeaching statement. It was enough to prove the statement once. Its repetition by the same witness could give it no additional force. Upon what ground the appellees objected to the question is not stated in the bill of exceptions, nor does it appear from the record, upon what ground or for what reason the court sustained the objection. As the presumption is in favor of the action of the court below, its ruling will be sustained, if it can be upon any ground consistent with the record. Had the court sustained the objection on the ground that a repetition of the proof was not necessary, in order to entitle the statement to be considered for the purpose of impeachment and as an admission, the ruling would have been unobjectionable. We must presume that, for this reason and for this purpose, the objection was sustained. If so, there was no error in the ruling. Had the appellants asked the court to instruct the jury upon the point, a different question would be presented.

The same may be said as to the testimony of the witness Donaldson. He had once testified to the statement which he was not allowed to re-testify to. There was no error in this.

We have considered all the questions discussed by the appellants. The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.