Filed Jan. 30, 1884.

———————◆———————

No. 11,203.

HOFFMAN v. McCollum.

LANDLORD AND TENANT.—*Lease.—Contract.*—A. was the tenant of B., but his term had expired. A. proposed to continue the lease at $35 per month, which B. refused, but proposed to pay that rent until he could find another place, to which B. made no reply, but took $35 for the current month, and at once put up cards announcing the place for rent, and otherwise offered to rent it.

*Held,* that this constituted a tenancy at $35 per month until A. found another place, and no longer.

From the Superior Court of Marion County.

*D. V. Burns* and *C. S. Denny,* for appellant.

*A. F. Denny,* for appellee.

BICKNELL, C. C.—The appellant brought this suit against the appellee before a justice of the peace, to recover three months' rent of two rooms at $35 a month, for May, June and July, 1882.

The defendant had tendered to the plaintiff $53 which was paid into court, and which was taken out by plaintiff.

The justice found for the defendant. The plaintiff appealed to the superior court of Marion county. At the special term of that court there was a special finding of facts and a conclusion of law in favor of the defendant. The plaintiff excepted to the conclusion of law. Judgment was rendered for the defendant, and the plaintiff appealed to the superior court in general term, assigning for error that the court in special term erred in its conclusion of law. The court in general term affirmed the judgment of the court in special

Hoffman *v.* McCollum.

term, and the plaintiff appealed to this court. He assigns for error here the affirmance of the judgment of the special term.

The question is, was the appellee a tenant from year to year, or was his tenancy contingent, to be terminated when " he could find another place ? "

In *Clark* v. *Rhoads,* 79 Ind. 342, it was held that where premises are leased by a landlord until he can sell them, the lease ends upon such a sale and a notice to quit is unnecessary. It makes no difference by whose act the contingency is to arise.

The special finding shows that the tenancy was at first from year to year at $18 a month, beginning on March 1st, 1879 ; that in March, 1881, the appellant demanded $25 a month, which the appellee refused to pay.

Such a proposition and refusal did not create a new tenancy. *Bright* v. *McOuat,* 40 Ind. 521. And there was no new tenancy until April 4th, 1881. The special finding shows that on March 15th, 1881, the appellant wrote to the appellee as follows : " Come up and let us see if we can split the difference, or I will make it $22 per month for the two rooms, on a lease for one year." To this no answer was made until April 4th, 1881, when the appellee paid the appellant $18 in full for one month ending April 1st, 1881. If there were nothing further, this acceptance of the rent at $18 a month . would operate as a continuance of the former tenancy from year to year at the same rent, but the special finding shows that the appellee afterwards paid the appellant rent at $22 per month, from April 1st, 1881, to April 1st, 1882, thereby accepting the plaintiff's written proposal of that rate for a lease for a year. This would be a lease for a year certain, ending April 1st, 1882, and not requiring any notice to quit. R. S. 1881, section 5213. But the special finding shows that on November 30th, 1881, the appellant gave the appellee a written notice to quit on March 1st, 1882, stating therein that the tenancy would then be at an end ; this was not true ; the

appellant having accepted rent at $18 in full for March, 1881, the new contract for a year at $22 per month did not begin until April 1st, 1881, and did not end until April 1st, 1882; the notice to quit before the end of the year was ineffectual.

The appellee, however, continued in possession. If there were nothing further, this would operate as a continuance of the tenancy at $22 a month. But the appellant on March 1st, 1882, and afterwards at different times, told the appellee that he might remain in possession at $35 a month, to which the appellee always replied that he could not pay it. This proposition and refusal did not amount to a new contract, nor did they operate to make the rent more than $22.

Finally, on April 29th, 1882, the appellant repeated his offer to allow the appellee to remain in possession at $35 per month, to which the appellee replied: " I can not pay you $35 per month for your rooms, they are not worth it, and my business will not justify me in paying it. I will pay you $35 per month until I can find another place and no longer."

To this the appellant made no reply, and thereupon the appellee paid the appellant $22 for the rent for March, 1882, which as we have seen was all that was due for that month, and he also paid $35 for the month of April, 1882, which the appellant accepted, and put cards in the windows of the premises announcing them for rent, and employed an agent with a view of renting them, and has since offered the rooms at $15 per month.

We think the foregoing facts show that the tenancy after April 1st, 1882, was a contingent one, to be determined whenever the appellee " could find another place." This was the appellee's proposition, and, being acted upon by both parties, it did not need a verbal reply. The appellant states in his brief that the special findings show only a proposition made by the appellee and rejected by the other party, but this statement can not be sustained.

The special finding further shows that the appellee having paid the rent for April, 1882, used diligence in securing " an-

other place," and, having secured it, he gave up to the appellant one of the rooms on May 25th, 1882, and the other on June 15th, 1882, and then made his tender aforesaid of $53, which was a little more than the appellant was entitled to. We think the court in special term did not err in its conclusion of law; its judgment was clearly right on the merits. See R. S. 1881, section 658. The court in general term did not err in affirming it. The judgment of the court in general term ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

