# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1889, IN THE SEVENTY-
FOURTH YEAR OF THE STATE.

---

No. 13,899.

### SCOTT ET AL. *v.* WILLIS.

LANDLORD AND TENANT.—*Holding Over.*—*Suit for Possession.*—*Justice of Peace.*—*Jurisdiction.*—The jurisdiction of justices of the peace in suits before them under section 5225, R. S. 1881, against tenants holding over to recover possession of real estate, is co-extensive, territorially with the county; and complaint may be made before any justice of the peace of the county in which the lands are situate.

SAME.—*Term.*—*Contingent Limitation.*—*Notice.*—An agreement that a tenancy shall expire on the breaking down of a grist-mill leased, creates a contingent limitation of the term, and upon the happening of the contingency, the tenant is bound to take notice of it, and surrender the possession, a notice to quit being unnecessary.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy,* and *R. J. Greene,* for appellants.

*M. E. Clodfelter* and *A. D. Thomas,* for appellee.

MITCHELL, C. J.—This suit was commenced before a jus-

tice of the peace to recover possession of certain real estate. The plaintiff alleged that he had leased a grist-mill and privilege to the defendant, and that according to the terms of the lease the tenancy had expired, and that he was entitled to the possession, but that the defendant unlawfully and forcibly held over and refused to surrender.

Substantially the only question presented is whether or not, in actions like the present, the jurisdiction of justices of the peace is co-extensive, territorially, with the county, or whether such actions must be brought before some justice either in the township where the defendant resides, or in the township where the real estate is situate.

The question depends upon the meaning attributable to section 5225, R. S. 1881, which reads as follows: "Whenever, in pursuance of legal notice, or otherwise, any landlord or his legal representative shall be entitled to possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over removed from such lands, on complaint before a justice of the peace of the county in which such lands lie, specifying the matters relied on to justify such removal, and the damages claimed for detention, describing the premises with reasonable certainty."

By the ancient common law of England, it was allowable to every person who was the owner of lands or tenements of which he was disseized, to regain possession by force, and without the aid of the law. "But this being found very prejudicial to the public peace, it was thought necessary by several statutes to restrain all persons from the use of such violent methods, even of doing themselves justice; and much more if they have no justice in their claim. So that the entry now allowed by law is a peaceable one; that forbidden is such as is carried on and maintained with force, with violence, and unusual weapons." 4 Black. Com., p. 148. *Judy* v. *Citizen,* 101 Ind. 18.

The owner of land who is wrongfully held out of possession by one who has no legal or equitable right, may embrace

the opportunity and gain peaceable possession if he can, but unless he can obtain possession with out force or show of violence, his sole remedy is to invoke the aid of legal procedure. To that end a special statutory proceeding has been provided, whereby a landlord, who is entitled to the possession, may have a tenant who unlawfully holds over removed. The same statute also provides that a tenant who has been evicted by force may have the possession restored to him, even against a landlord who might have had him removed by legal procedure, on complaint by him made, in the same manner as provided in case of tenants holding over. Section 5237, R. S. 1881 ; *Judy* v. *Citizen, supra.*

" The common law affords no civil remedy against a person who having a right enters forcibly : *Taunton* v. *Carter,* 7 L. R. 431 ; but the injured party must appeal to the statutory action of forcible entry and detainer." *Fuhr* v. *Dean,* 26 Mo. 116 (69 Am. Dec. 485). *Moyer* v. *Gordon,* 113 Ind. 282.

As it was the policy of the statute to compel landlords to resort to the law in order to obtain possession of lands to which they are entitled, so it plainly appears that the possession might be obtained on complaint before any justice of the peace of the county in which the lands were situate. In like manner, if the possession of the tenant was forcibly intruded upon, he might have redress on complaint filed before any justice of the county. This is the plain reading of the statute, and there is no room for construction.

Upon the same principle that it was held that in actions like the present the jurisdiction of justices is unlimited as to the amount involved, it must also be held that their jurisdiction is unlimited territorially, except by the bounds of the county. *Sturgeon* v. *Hitchens,* 22 Ind. 107.

The actions for trespass to real estate, referred to in section 1443, R. S. 1881, are suits of an entirely different character from those provided for in the statutes to which reference has already been made. While a tenant who unlawfully holds

over may be technically a trespasser, and liable as such, the special statutory proceeding provided for his removal is not an action for trespass to real estate.

As was remarked in *Moyer* v. *Gordon, supra,* "the distinction between an action for trespass upon real estate, and to recover damages resulting therefrom, and for a restoration of possession and damages under the forcible entry and detainer statute, is plain and broad."

It was provided in the lease that in case the mill broke down the tenancy should terminate at once.

The court instructed the jury, substantially, that when, by the terms of the agreement between a landlord and tenant, the lease is to terminate upon the happening of something that may occur in the future, the happening of the contingency terminates the tenancy, and no notice to quit is necessary; that the breaking down of the mill was such a contingency, and that if the mill had, in fact, broken down, the tenancy terminated, and no notice to quit was necessary.

This was a correct statement of the law. The agreement that the tenancy should expire in case the mill broke down, so that it could not be operated, created a contingent limitation of the term, and when the contingency happened the tenant was bound to take notice of it and surrender the possession. *Clark* v. *Rhoads,* 79 Ind. 342; *Hoffman* v. *McCollum,* 93 Ind. 326.

There is no error in the record.

Judgment affirmed, with costs.

Filed Nov. 20, 1889; petition for a rehearing overruled Jan. 29, 1890.