Schilling v. Klein.

---

## WILLIAM SCHILLING
### v.
## HENRY P. KLEIN.

*Landlord and Tenant—Forcible Detainer—Continuance in Possession after Expiration of Term—Evidence.*

1. A tenant, remaining in possession by consent of the landlord pending a treaty for a lease, can not be treated as a trespasser, but the fact of the treaty rebuts the implication that the landlord elects to hold him as a tenant upon the former terms.

2. Where, by the assent of both landlord and tenant, the latter continues in possession after the expiration of a given term, in the absence of a new agreement the law will imply a tacit renewal of the former one; but if acts are shown which will suffice to rebut the implication of such renewal, the

tenant will be in rightful possession under a tenancy subject to be termi-
nated by thirty days notice in writing.

[Opinion filed July 23, 1891.]

APPEAL from the Superior Court of Cook County; the Hon·
ELLIOTT ANTHONY, Judge, presiding.

Mr. ARTHUR SCHROEDER, for appellant.

Messrs. THEODORE H. SCHINTZ and FRANK IVES, for appel-
lee.

GARY, J.   The appellant was the tenant of the appellee
under a lease for three years which expired May 1, 1889.
The rent was $200, payable in advance on the first day of each
month.

Shortly before the lease expired, and thereafter, the part-
ies negotiated for a further term, but never agreed, so as
to make a new lease.   The appellant continued to pay the old
rent, and July 30, 1890, the appellee gave the appellant notice
to quit, as provided by Sec. 6, Chap. 80, R. S., Landlord and
Tenant.

That is the case testified to by the appellee; the conflict
between his testimony and that of the appellant made a ques-
tion for the jury.   The only complaint of the appellant is
that the court instructed the jury that if they believed "from
the evidence, that before the expiration of said lease, the
plaintiff and defendant met and agreed upon a new lease upon
different terms from the previous lease, although such new
lease was never signed or executed, and that thereafter the
plaintiff and defendant met and negotiated for other leases,
which were never executed, that thereby the defendant became
and was a tenant from month to month."

The authorities sustain the rule adopted by this court, that
where, "by the assent of both parties, the tenant continues in
possession  *  *  *  in the absence of any new agreement,
the law will imply a tacit renewal of the former one;"  *  *  *
but, if acts were shown which would suffice to rebut the impli-
cation of such renewal, then the tenant would be in the right-

ful possession, under a tenancy, subject to be terminated by thirty days notice in writing as provided by our statute." Field v. Herrick, 14 Ill. App. 181.

Now a tenant remaining in possession by consent of the landlord, pending a treaty for a lease, can not be treated as a trespasser. Hollingworth v. Stennett, 2 Esp. 717.

But the fact of the treaty rebuts the implication that the landlord elects to hold him as a tenant upon the former terms. Smith v. Alt, 7 Daly, 492.

Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151, is a strong case as to a new tenancy on the former terms being implied from holding over, but it recognizes that such holding over under negotiations for a new lease is out of the general rule.

Then as the appellee could not treat the appellant as a trespasser, and the negotiations for a new term being inconsistent with an election to treat him as a tenant upon the old terms, what remains is that the appellant was in possession paying a monthly rent, which, by itself, creates a tenancy from month to month. Brownell v. Welch, 91 Ill. 523.

The claim of the appellant that he became tenant from year to year is without foundation. The appellee rightfully recovered in forcible detainer, based upon the notice to quit, and the judgment is affirmed.

*Judgment affirmed.*