SMITH *v.* DEVOE ET AL.

[No. 9,979. Filed January 30, 1919.]

LANDLORD AND TENANT.—*Termination of Tenancy.—Contingent Limitation of Tenancy.—Notice to Quit.*—Where a lease provided that

the lessee was to hold the premises "as long as used for sawmill or brick and tile yard," the owner of the fee, upon the use of the premises for the purposes named in the lease being discontinued, could maintain an action to quiet his title without first giving notice to quit, since such provision created a contingent limitation of the term, and, when the contingency happened, the lessees were bound to take notice thereof and surrender possession.

From Noble Circuit Court; *L. K. Wrigley,* Judge.

Action by John P. Smith against Dorliska A. Devoe and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Redmond & Emerick,* for appellant.
*Finley & Finley,* for appellees.

REMY, J.—On December 15, 1875, George Deagle leased to John Gallup the real estate in controversy, the lessee to hold the premises "as long as used for saw mill or brick and tile yard," and to have the privilege of erecting such buildings on the real estate as were necessary to carry out the purposes of the lease, with the right to remove the improvements at the termination of the lease. Under this agreement, Gallup took possession, and by mesne transfers and assignments Jesse Devoe, the ancestor and intestate of appellees, in 1902, became the owner of the lease, and on the death of said Devoe, in March, 1915, appellees became the owners thereof. Also by mesne conveyances appellant became, and now is, the owner of the fee of said real estate. Under the lease valuable improvements were made, and the premises used at various times as a sawmill site, and for a brick and tile yard; but, prior to the commencement of this action, in January, 1916, no sawmill had been operated on the premises for eight or ten years, and no brick had been made thereon for fifteen or twenty years. Very few

tile had been made there since 1911, during which time the buildings and machinery had become delapidated and out of repair, and during the year 1915 the premises had not been used as a tile yard. Without notice to vacate, and without demand for possession, this suit was commenced by appellant, the owner of the fee, to quiet his title.

By a special finding, the court trying the cause found the above facts, and by conclusions of law found that the law is with appellees, and judgment was so entered. Exceptions to the conclusions of law present the only question.

It is apparent from the record that the court concluded that the law is with appellees on the ground that no notice to quit had been given by appellant before the commencement of the suit. This was error. The provision in the lease that the premises were to be held "as long as used for saw mill or brick and tile yard," created a contingent limitation of the term, and, when the contingency happened, the lessees were bound to take notice thereof, and surrender possession. *Scott* v. *Willis* (1890), 122 Ind. 1, 22 N. E. 786.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance with this opinion, and to enter judgment for the plaintiff.