## BROCKHAUS v. HEATON.

No. 10104—Opinion Filed May 17, 1921.

(Syllabus.)

**Appeal and Error—Review—Questions of Fact—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Woodward County; J. C. Robberts, Judge.

Action by J. M. Heaton against H. A. Brockhaus for breach of agricultural lease. Judgment for plaintiff, and defendant brings error. Affirmed.

R. H. Nichols and S. M. Smith, for plaintiff in error.

W. H. Springfield, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Woodward county; Hon. J. C. Robberts, Judge.

On April 5, 1917, J. M. Heaton, as plaintiff below, commenced an action against H. A. Brockhaus, as defendant below, to recover damages for the breach of the terms of an agricultural lease on certain premises situated in said county, for the year 1917, which case, being tried to a jury, resulted in a verdict and judgment therein in favor of the plaintiff in the sum of $250. The defendant filed a timely motion for new trial, which being overruled by the court, the defendant regularly commenced this proceeding in error to reverse said judgment.

For convenience, the parties will hereinafter be referred to as plaintiff and defendant, as they respectively appeared in the trial court.

The parties entered into a written contract for the lease on the premises, and the plaintiff charged in the petition that the defendant breached the contract on failure and refusal to place him in possession of the land in time to make a crop for the year covered by the lease, and on account of such failure he was deprived of the use of the premises for that year.

The plaintiff offered his lease in evidence and testified in his own behalf to the facts fully sustaining his cause of action and introduced other witnesses corroborating his testimony. The defendant testified in his own behalf, his testimony conflicting more or less with that of the plaintiff, and at the conclusion of the evidence the court submitted the case to the jury by appropriate instructions.

The specifications of error of the defendant are general and go to the question of the court's ruling upon admitting and rejecting evidence, his rulings thereon being against the defendant, and in certain paragraphs of the court's instruction to the jury.

The only authorities cited by the defendant in his brief are the case of Nikkel v. Conaway, 27 Okla. 405, 112 Pac. 981; section 2239, 3 Elliott on Contracts, and 4580, 5 Elliott; and Clark v. Rhodes, 79 Ind. 342, as supporting the defendant's claim that the instructions of the court on the measure of damages were erroneous.

We have examined the instructions of the court in the instant case on the measure of damages and find that the same were correct under the facts of this case, and we think that the same were not in conflict with the principles announced in the authorities cited by counsel, nor was the jury misled thereby. The amount of the verdict was not excessive, and was fully sustained by the evidence.

We have likewise examined all the assignments of error made by the defendant going to the other questions, and find that they are without merit. We have examined the entire record, and find that this case comes within the rule announced by this court that in a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown, in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal. Bunker v. Harding et al., 70 Oklahoma, 174 Pac. 749; Blasdel v. Gower, 70 Oklahoma, 173 Pac. 644; Shawnee Nat. Bank v. Pool, 66 Oklahoma, 167 Pac. 994; Chicago, R. I. & P. Ry. Co. v. Pruitt, 67 Oklahoma, 170 Pac. 1143.

The judgment of the trial court is therefore affirmed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.