MARCUS ET AL. *v.* CALUMET BREWERIES, INC.

[No. 17,605.   Filed June 6, 1947.   Rehearing denied July 10, 1947.   Transfer denied October 24, 1947.]

*Hodges, Ridgely & Davis*, of Gary, for appellants.

*Galvin, Galvin & Leeney*, of Hammond, for appellee.

FLANAGAN, J.—Appellants brought this action to recover possession of real estate and damages for its unlawful detention. Appellee answered that on December 17, 1943, it had entered into a written lease with the then owner of the involved real estate whereby it rented the premises for a term of two years commencing on the 1st day of December, 1943, and ending on the 30th day of November, 1945; that after the 30th day of November, 1945, it continued to occupy the premises with the consent of the owner and paid rent for the month of December, 1945; that after accepting this payment of rent, the owners served notice on appellee to deliver possession at the end of January, 1946, but that said notice was ineffectual to terminate the tenancy.

To this answer a demurrer was overruled, appellants refused to plead further and this appeal is from the judgment which followed.

The sole question is whether the holding over of the tenant together with the acceptance of rent by the landlord created a month to month tenancy or a tenancy for another year from November 30, 1945.

There is some considerable conflict in the various jurisdictions as to the effect of a tenant holding over with the consent of the landlord after the expiration of a term for years. But the rule generally adopted is that where the term is a definite one for a year or more and the tenant holds over after the expiration date and pays rent, the lease is extended for successive new terms of tenancy for a year at a time. 32 Am. Jur., § 940, p. 792, § 942, p. 793. That rule has been adopted in this state.

*Walsh* v. *Soller* (1934), 207 Ind. 82, 190 N. E. 61. The statute (§ 3-1615, Burns' 1933) relating to general tenancies does not apply.

The trial court correctly overruled the demurrer to appellee's answer.

Judgment affirmed.

DRAPER, J.—Not participating.

NOTE.—Reported in 73 N. E. (2d) 35.