**Bradley S. HOUSTON, Appellant (Defendant Below),**

v.

**Robert A. BOOHER, Appellee (Plaintiff Below).**

No. 49A04–9409–CV–377.

Court of Appeals of Indiana, Fourth District.

Feb. 27, 1995.

**OPINION**

DARDEN, Judge.

### STATEMENT OF THE CASE

Bradley S. Houston appeals the trial court's grant of summary judgment in favor of Robert A. Booher. We reverse, remand, and direct the trial court to grant Houston's summary judgment motion.

### ISSUES

I. Where the landlord and the tenant enter into a written lease with an original term and an option to renew for an additional term, both terms in excess of one year, and the tenant exercises the option seven days late, holds over, and pays rent in accordance with the terms of the option to renew, does the holdover and payment of rent extend the original lease for an additional one year term?

II. Is either party entitled to attorney fees pursuant to the purchase agreement?

### FACTS

Bradley S. Houston and Robert A. Booher are both licensed dentists. On June 6, 1990, Houston entered agreements with Booher to 1) purchase part of Booher's dental practice, and 2) sublease a portion of Booher's office space. The sublease agreement incorporates the terms and provisions of the purchase agreement.[1] Booher, the seller and lessor, drafted both documents.

The sublease agreement had an original three year term which expired on May 31, 1993, and included an option to renew for an additional two year term commencing June 1, 1993 and ending May 31, 1995. The agreement required Houston to exercise in writing the option to renew at least ninety days prior to the expiration of the original term,[2] which

Theodore L. Nicholas, Michael S. Shanahan, Ricos & Price, Indianapolis, for appellant.

Eric C. Redman, Steven J. Halbert, Cohen & Malad, P.C., Indianapolis, for appellee.

1. Paragraph 6 of the sublease agreement states in pertinent part as follows:

   A copy of the aforementioned Purchase Agreement executed on June 6, 1990, by and between Sub–Lessor and Sub–Lessee is attached hereto as Exhibit "C" and the terms and provisions contained in said Purchase Agreement are incorporated herein as if fully set out in this Sublease. All applicable provisions of said Purchase Agreement ... shall apply to this Sublease as if fully

restated herein and the parties hereto shall be fully bound by the terms and provisions of said Purchase Agreement. R. at 44.

2. Paragraph 2 of the Sublease Agreement states as follows:

   The original and principal term of this Sublease shall be for a period of three (3) years and commencing June 1, 1990, and ending May 31, 1993. Further, Sub–Lessee shall have the exclu-

would have been March 3, 1993. Booher received Houston's written notice on March 10, seven days late.

When the original term of the sublease expired on May 31, 1993, Houston remained on the premises and made increased monthly rental payments pursuant to the renewal terms set forth in the original sublease agreement.[3] Booher accepted the first two payments due June 1 and July 1, 1993.

On September 3, 1993, Booher filed a Notice of Claim for Possession of Real Estate in Wayne Township Small Claims Court, alleging that he was entitled to eject Houston from the premises because Houston had failed to give Booher timely notice of his intention to renew the lease.[4] Houston responded with a motion for jury trial, and the action was transferred to the Marion County Municipal Court. The case was then transferred to Marion County Superior Court following Houston's change of judge motion. Both Booher and Houston filed summary judgment motions. The trial court granted Booher's motion, denied Houston's, and or-

dered Houston to pay Booher's attorney fees pursuant to the sublease agreement. Houston now appeals.

## *DECISION*

### I. *Summary Judgment*

■ Summary judgment is an appropriate disposition if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Ind.Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of showing prima facie that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Hermann v. Yater* (1994), Ind.App., 631 N.E.2d 511, 513, *reh'g denied*. If the moving party meets these two requirements, the burden shifts to the non-movant to set forth specifically designated facts that there is a genuine issue for trial. T.R. 56(E); *Id.* On appeal, we apply the same standard as the trial court, and we

sive right to renew the original term of the Sublease for a renewal period of two (2) years commencing June 1, 1993 and ending May 31, 1995. Should Sub–Lessee desire to exercise the option of renewal for a successful renewal term as set forth heretofore, Sub–Lessee shall give Sub–Lessor written notice of his intention to so exercise said renewal at least ninety (90) days prior to the expiration of the original lease term. R. at 44.

3. The sublease agreement provides the following payment terms:

(a) July 1, 1990 through and including May 31, 1991 (year 11): $4,484.00 × 27.85% = $1,248.79 per month, payable in advance by the first day of the month to which said payment applies.
(b) June 1, 1991 through and including May 31, 1992 (year 12): $4,664.00 × 27.85% = $1,298.92 per month, payable in advance by the first day of the month to which said payment applies.
(c) June 1, 1992 through and including May 31, 1993 (year 13): $4,850.00 × 27.85% = $1,404.75 per month, payable in advance by the first day of the month to which said payment applies.
(d) June 1, 1993 through and including May 31, 1994 (year 14): $5,044.00 × 27.85% = $1,404.75 [sic] per month, payable in advance by the first day of the month to which said payment applies.
(e) June 1, 1994 through and including May 31, 1995 (year 15): $5,246.00 × 27.85% =

$1,461.01 per month, payable in advance by the first day of the month to which said payment applies. R. at 68–69.

4. Booher's complaint states in pertinent part as follows:

Now comes the Plaintiff, Dr. Robert B. Booher ("Booher"), by his counsel, and for his First Amended Complaint against Dr. Bradley S. Houston ("Houston"), states as follows:
1. Plaintiff and Defendant are residents of the County of Marion, State of Indiana.
2. Plaintiff and Defendant entered into a Sublease Agreement dated June 6, 1990. (See Exhibit "A").
3. Pursuant to the terms of this Sublease Agreement, the terms of a Purchase Agreement executed between the Plaintiff and Defendant on June 6, 1990 were incorporated into the terms of the Sublease Agreement. (See Exhibit "B").
4. Pursuant to the terms of the Sublease and Purchase Agreement, Houston was to give Booher notice by February 28, 1993 [sic] of his intention to renew the lease.
5. Houston failed to give Booher timely notice of his intention to renew the lease.
6. Booher is entitled to recover possession of the premises, to eject Houston from those premises, and to recover his costs, interest, and attorney fees pursuant to the Purchase Agreement and Sublease Agreement. R. at 39–40.

consider only those matters which were designated at the summary judgment stage. *Id.* No deference is given to the trial court's judgment, *Foreman v. Jongkind Bros., Inc.* (1994), Ind.App., 625 N.E.2d 463, 467, *reh'g denied,* and the party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. *Hermann, supra.*

Houston argues that the trial court erred when it denied his summary judgment motion and granted Booher's. Specifically, Houston argues that the "Sublease was extended for an additional one year period upon his holdover and payment of rent which was accepted by Booher unconditionally and without dispute, and with knowledge of Houston's intentions." Houston's Brief, p. 9. In contrast, Booher argues that the law is well settled that a tenant who remains in possession of the premises and continues to pay rent after the termination of a lease agreement becomes a tenant from month to month. We agree with Houston.

■ When a lessee under a lease for a definite term holds over after the expiration of that term, the lessor has the option of treating the lessee as a tenant or a trespasser. *Mooney–Mueller–Ward, Inc. v. Woods* (1978), 175 Ind.App. 302, 371 N.E.2d 400, 403, n. 1; *Burdick Tire and Rubber Co. v. Heylmann* (1923), 79 Ind.App. 505, 138 N.E. 777, 778. In the absence of an agreement to the contrary, when a tenant holds over beyond the expiration of the lease and continues to make rental payments, and the lessor does not treat the tenant as a trespasser by evicting him, the parties are deemed to have continued the tenancy under the terms of the expired lease.[5] *Marshall v. Hatfield* (1994), Ind.App., 631 N.E.2d 490, 492, *reh'g denied; City of Bloomington v. Kuruzovich* (1987),

Ind.App., 517 N.E.2d 408, 411, *trans. denied; Mooney, supra; Myers v. Maris* (1975), 164 Ind.App. 34, 326 N.E.2d 577, 581. When the original lease was for more than one year, the renewal lease is for a year at a time.[6] *Marcus v. Calumet Breweries* (1947), 117 Ind.App. 603, 73 N.E.2d 351; *See also City of Bloomington, supra.*

In *Marcus,* the tenant entered into a written lease for a two year term expiring November 30, 1945. After the expiration of the agreement, the tenant remained on the premises and paid rent for December 1945. The landlord accepted the rent payment, and then served notice on the tenant to deliver possession of the premises at the end of January 1946. This court found that "where the term is a definite one for a year or more and the tenant holds over after the expiration date and pays rent, the lease in [sic] extended for successive new terms of tenancy for a year at a time." *Marcus,* 73 N.E.2d at 352.

■ Here, Houston held over after the expiration of the sublease agreement on May 31, 1993. At that point, Booher had the option of treating Houston as a tenant or a trespasser. Booher did not treat Houston as a trespasser by evicting him; consequently, Booher and Houston are deemed to have continued the tenancy under the terms of the expired lease. Because Houston held over after the expiration of his lease, which was more than one year, and paid rent, his lease was extended for a new term of a tenancy for a year at a time.

Booher cites Ind.Code 32–7–1–2 in support of his argument that a tenant who holds over after the expiration of a lease becomes a month to month tenant. I.C. 32–7–1–2, which was amended in 1927, states as follows:

---

5. We are cognizant of *Carsten v. Eickhoff* (1975), 163 Ind.App. 294, 323 N.E.2d 664, wherein this court found that where notice of renewal or extension is stipulated in the lease agreement, notice must be given. However, *Carsten* does not address the case in which a lease calls for a higher rent during the second term and the lessee holds over without objection from the lessor, paying the higher rent. *Carsten,* 323 N.E.2d at 669, n. 3. *See also Penmanta Corp. v. Hollis* (1988), Ind.App., 520 N.E.2d 120, *reh'g denied, trans. denied.*

6. We agree with Judge Sullivan's concurring opinion in *Penmanta Corp., supra,* wherein he stated:

> If the terms and conditions of an original lease (other than the duration of the tenancy) are to be excluded from a holdover relationship, that determination should come from the General Assembly or the Indiana Supreme Court.

*Penmanta Corp.,* at 123.

A tenancy at will cannot arise or be created without an express contract; and all general tenancies, except those tenancies covering lands used for agricultural purposes, in which the premises are occupied by the consent, whether express or constructive, of the landlord, shall be deemed tenancies from month to month.

■ However, *Marcus, supra,* states specifically that the "statute (sec. 3–1615, Burns' 1933 [7]) relating to general tenancies *does not apply*." *Marcus,* at 352, (emphasis added). Because *Marcus* and the facts before us are analogous, we find that the statute to which Booher directs us does not apply in this case. *See also* 18 I.L.E., *Landlord and Tenant,* § 64, p. 224, (1959) ("A holding over by a tenant, with the consent or acquiescence of the landlord, after a definite tenancy of a year or more, may extend the lease for successive new terms of tenancy for a year at a time, and in such a case the statute relating to general tenancies ... does not apply.") (citations omitted).

Booher counters that *Marcus* misstates the law because the *Marcus* court misinterpreted *Walsh v. Soller* (1934), 207 Ind. 82, 190 N.E. 61, *reh'g denied,* the sole authority for *Marcus*' holding that a tenant who holds over and continues to pay rent becomes a tenant for a year at a time. We disagree. In an opinion denying Walsh's petition for rehearing, our supreme court reviewed the facts of the case, finding that after the lease agreement had expired, the tenant had held over and continued to occupy the premises. There was no change in the terms and conditions of occupancy, except the defendant paid an increased rent, which the landlord accepted.

Our supreme court then stated as follows:

The original tenancy, by the terms of the lease in the instant case, terminated January 1, 1919. The findings show that appellant continued in his possession of the premises covered by the lease with the consent of the appellee without any change in the terms and conditions of his occupancy. In other words, that by consent of the parties the lease was extended not indefinitely or without reference thereto, but in accordance therewith for another year terminating the following January 1st 'without further notice,' and each holding over was subject to the same terms as to occupancy and termination. Such attendant conditions create a new tenancy, *not general* or from year to year, but certain in point of time—one year—so fixed by the agreed notice to quit.

*Walsh v. Soller* (1934), 207 Ind. 82, 191 N.E. 334, 334–35 (emphasis added). Our supreme court clearly stated that when the tenant holds over after the expiration of the lease and pays rent, these conditions do not create a general tenancy. Rather, these conditions create a tenancy for one year. Accordingly, *Marcus* did not misinterpret *Walsh,* and does not misstate the law.

Booher further argues that the "Indiana Supreme Court has on several occasions determined that the statute currently known as I.C. 32–7–1–2 governs the relationship between a landlord and tenant where the tenant holds over after the expiration of the lease." Booher's Brief, p. 8. However, Booher has failed to provide us with the citations to these cases, and our research reveals that of the three reported cases which cite I.C. 32–7–1–2,[8] one of which was decided by our supreme court, none states that this statute governs the landlord tenant relationship where the tenant holds over.[9]

---

7. Ind.Code 32–7–1–2.

8. *Childress v. Bowser* (1989), Ind., 546 N.E.2d 1221; *Lafary v. Lafary* (1988), Ind.App., 522 N.E.2d 916; *Wallace v. Rogier* (1979), 182 Ind. App. 303, 395 N.E.2d 297.

9. We note that Booher goes on to argue that, "Houston's inability to cite well-reasoned case authorities since the amendment of the statute in 1927 which support his argument demonstrates that this is not an issue of unsettled law in the State of Indiana." Booher's Brief, p. 8. We

agree with Booher that this is not an issue of unsettled law in Indiana, and direct him to *City of Bloomington, supra,* and *Marcus, supra,* both of which were decided after the statute's amendment in 1927, and both of which state that where the original lease was for more than one year, the renewal term is for one year.

In addition, we agree with Houston that: Booher is unable to cite to any case which holds that I.C. 32–7–1–2 applies and a month to month tenancy is thereby created. The Courts have a longstanding case history which

Alternatively, Booher argues that even if I.C. 32–7–1–2 does not apply to the facts of this case, a "tenant who holds over for the limited purpose of negotiating a lease becomes a tenant from month to month or for a lesser period, *not* a tenant for year-to-year." Booher's Brief, p. 9. According to Booher, Houston was holding over for the limited purpose of negotiating a new lease, and, accordingly, he did not become a tenant for another year.

In support of his argument, Booher directs us to *Weber v. Powers* (1904), 213 Ill. 370, 72 N.E. 1070; *Donnelly Advertising Corp. v. Flaccomio* (1958), 216 Md. 113, 140 A.2d 165; *Schilling v. Klien* (1891), 41 Ill.App. 209. However, case law from other jurisdictions is not controlling in our state.

Finally, Booher directs us to *Hoffman v. McCollum* (1884), 93 Ind. 326, *Bright v. McQuat* (1872), 40 Ind. 521, and *Burdick Tire and Rubber Co. v. Heylmann* (1923), 79 Ind.App. 505, 138 N.E. 777 in support of his proposition that the "landlord may allow the tenant to hold over after the expiration of the lease on certain terms and conditions which are different from the prior agreement." Booher's Brief, p. 9. Although Booher argues that the cases support his proposition that the landlord *may allow* the tenant to hold over, the cases which he cites are premised on an *agreement* between the landlord and the tenant. Therefore, all of these cases are distinguishable from the facts before us where there is no evidence of an agreement between Booher and Houston.

In *Hoffman*, after the lease agreement had expired, the landlord offered to allow the tenant to remain in possession of the premises for $35.00 per month. The tenant responded as follows:

I can not pay you $35.00 per month for your rooms, they are not worth it, and my business will not justify me in paying it. I will pay you $35.00 per month until I can find another place and no longer.

*Hoffman*, at 328. The tenant then paid the landlord $35.00 for the following month's rent. The landlord accepted the $35.00, and

put a sign in the window advertising that the rooms were for rent. Our supreme court held that the tenancy was a "contingent one, to be determined whenever the appellee, 'could find another place.'" *Id.* The court further found that the parties had *agreed* to this tenancy. Here, there is no evidence that Houston and Booher had agreed that Houston would remain on the premises until he found another place.

In *Bright*, our supreme court found that the "evidence fully show[ed] that the parties to this action, on the 19th day of September, 1869, the time when the second term expired, fixed and determined the length of time that the appellant was thereafter to occupy the premises." *Bright*, at 533. The landlord and the tenant had *agreed* on the period of time that tenant would occupy the premises. Here, there is no evidence that Booher and Houston had agreed on the period of time that Houston would occupy the premises.

In *Burdick*, the tenant argued that his holding over from December 31, 1919 to May 1, 1920, did not create a tenancy for the year, and that the trial court erred in finding that by holding over, and paying rent for January, February, March and April 1920, the tenant became obligated to pay rent for the entire year of 1920. This court found that the trial court did not err in this regard because the court found that there was no agreement between the landlord and the tenant as to the tenant holding over for a specific purpose. Similarly, Booher has designated no evidence of an agreement with Houston as to Houston holding over for a specific purpose.

In summary, because Houston held over without objection from Booher after the expiration of his lease, which was for more than one year, and paid rent, his lease was extended for a new term of a tenancy for a year at a time. In addition, Booher has failed to cite Indiana authority in support of his proposition that a tenant who holds over for the limited purpose of negotiating a lease does not become a tenant for another year. Accordingly, the trial court erred in granting

---

holds that a hold over with the consent of the landlord under a written lease for one year or more is not a general tenancy but rather an

extension or renewal of the old lease for a year at a time. Houston's Reply Brief, p. 6.

Booher's summary judgment motion and denying Houston's.

## II. *Attorney Fees*

Houston asks us to 1) order Booher to pay his attorney fees pursuant to the purchase agreement, and 2) reverse the trial court's order requiring him to pay Booher's attorney fees.

■ As a general rule, attorney fees are not recoverable unless there is a statute or contract stipulating that such fees may be recovered. *Coplen v. Omni Restaurants, Inc.* (1994), Ind.App., 636 N.E.2d 1285, 1288, n. 4. Here, the purchase agreement states as follows:

> In the event that Seller or Buyer shall commit a default or breach of this Agreement, the defaulting party shall pay all costs and expenses, including reasonable attorneys' fees, incurred by the other party to enforce this agreement or to collect any monies due or damages sustained by that party.

R. at 55.

### A. Houston's Attorney Fees

Houston argues that Booher should be ordered to pay his attorney fees pursuant to the purchase agreement. Specifically, Houston argues as follows:

> Upon creation of a year-to-year tenancy, Houston was entitled to remain in the premises for an additional year through and including May 31, 1994. Accordingly, Houston is the prevailing party and pursuant to paragraph 20 of the Purchase Agreement is entitled to recover attorney fees as well as any other damages sustained by Houston due to Booher's breach. (Purchase Agreement, Record 55). Booher by initiating litigation to eject Houston from his lawful possession of the premises, breached Houston's right to quiet enjoyment of the premises pursuant to paragraph 8 of the Sublease. Houston's Brief, p. 11–12.

■ We observe that despite Houston's argument, his status as prevailing party does not entitle him to attorney fees pursuant to the purchase agreement. Rather, the purchase agreement provides that the *defaulting party* shall pay the other party's attorney fees. According to Houston, Booher is a defaulting party because he breached the contract by "initiating litigation to eject Houston from his lawful possession of the premises." We disagree.

Under the terms of the purchase and sublease agreements, Houston was required to give 90 days notice of his intention to renew. Houston's notice was late, and Booher brought an action to eject Houston from the premises because Houston had failed to comply with the notice requirements in the agreement. We determined that Booher's action to eject Houston had to fail as a matter of law because, based on the facts of the case, Houston had become a holdover tenant for a new term of tenancy for a year at a time. However, Booher's attempt and resulting inability to eject Houston is not a "default" pursuant to the purchase agreement. Accordingly, Houston is not entitled to attorney fees.

### B. Booher's Attorney Fees

■ A losing party is not entitled to attorney fees. *Burras v. Canal Construction and Design Co.* (1984), Ind.App., 470 N.E.2d 1362, 1370. Because of our ruling, Booher is the losing party, and accordingly, he is not entitled to attorney fees. We reverse the trial court's order requiring Houston to pay Booher's attorney fees.

Reversed and remanded with directions to grant Houston's summary judgment motion.

RILEY and FRIEDLANDER, JJ., concur.