IN RE REMONSTRANCE APPEALING SPECIAL ORDINANCE NO. 68, 1997, AS AMENDED, OF the CITY OF TERRE HAUTE, Indiana.

Larry and Sally Arnold, et al Appellants–Remonstrators,

v.

City of Terre Haute, Indiana, Appellee–Defendant.

No. 84A04–9807–CV–368.

Court of Appeals of Indiana.

May 27, 1999.

---

George M. Plews, Jeffrey A. Townsend, Indianapolis, Indiana, Attorneys for Appellant.

John C. Parkinson, City of Terre Haute, Terra Haute, Indiana, Attorney for Appellee.

## OPINION

STATON, Judge

Larry and Sally Arnold, *et al.* (Remonstrators) appeal from the trial court's dismissal of their claim for lack of subject matter jurisdiction. Remonstrators present one issue for our review, which we restate as: whether a remonstrance pursuant to IND. CODE § 36-4-3-11(a)(1) (1993) requires signatures of a majority of landowners or signatures of the owners of a majority of parcels.

We reverse and remand.

The City of Terre Haute annexed 1,715 acres of land in January, 1998. A remonstrance was filed on March 4, 1998. At that time, the remonstrators represented a majority of landowners in the annexed territory. The remonstrators also owned a majority of parcels in the annexed territory.

Some of the remonstrators subsequently withdrew from the remonstrance, which reduced the number of remonstrators such that a majority of landowners still remained (31 of 58 landowners), but those remaining landowners no longer owned a majority of parcels in the annexed territory (50 of 140 parcels). The trial court · interpreted IC 36-4-3-11(a)(1) to require that the remonstrating landowners own a majority of parcels in the annexed territory and, thus, dismissed the remonstrance.

■ Remonstrators contend that the trial court misinterpreted IC 36-4-3-11. Specifically, Remonstrators argue that the statute requires a majority of actual landowners, regardless of how many parcels each owns. We agree. A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *State v. Windy City Fireworks, Inc.,* 600 N.E.2d 555, 558 (Ind.Ct.App.1992), *adopted on transfer,* 608 N.E.2d 699 (Ind.1993). When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Detterline v. Bonaventura,* 465 N.E.2d 215, 218 (Ind.Ct.App.1984), *trans. denied.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.* We presume words appearing in the statute were intended to have meaning, and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth,* 590 N.E.2d 154, 157 (Ind.Ct.App.1992), *trans. denied.*

IC 36-4-3-11 reads, in pertinent part:

(a) Whenever territory is annexed by a municipality under this chapter, the annexation may be appealed by filing with the circuit or superior court of a county in

which the annexed territory is located a written remonstrance signed by:

(1) a majority of the owners of land in the annexed territory; or

(2) the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.

\* \* \*

(b) On receipt of the remonstrance, the court shall determine whether the remonstrance has the necessary signatures. In determining the total number of landowners of the annexed territory and whether the signers of the remonstrance are landowners, the names appearing on the tax duplicate for that territory constitute prima facie evidence of ownership. Only one (1) person having an interest in each single property, as evidenced by the tax duplicate, is considered a landowner for purposes of this section.

The statute says "a majority of the owners of land"; it does not say "the owners of a majority of land." The plain language of the statute indicates that the total number of actual landowners should be used to determine whether a majority exists, regardless of how many parcels each owns. We acknowledge that a divided panel of this Court has previously come to the opposite conclusion. In *City of Fort Wayne v. Certain Northeast Annexation Area Landowners*, 564 N.E.2d 297, 298 (Ind.Ct.App.1990) *reh. denied, trans. denied*, the majority cited the final sentence of subsection (b) to conclude that "multiple owners of a single parcel are to be counted as only one owner. A single owner of multiple parcels, on the other hand, counts as an owner for each parcel." We agree that the final sentence of subsection (b) clearly evidences the legislature's intent that multiple owners of a single parcel are to be counted as only one owner. However, we will not expand the meaning of subsection (b) to give greater say to remonstrators under subsection (a)(1) who own multiple parcels. Such a

reading conflicts with the language of subsection (a)(1).

Too, subsection (a)(2), allows "the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory" to remonstrate. This provision is specifically tailored to those landowners who own more property. As Judge Garrard noted in his dissent to *City of Fort Wayne*:

[The legislature] established two bases upon which landowners might remonstrate. Under one a valid remonstrance might be filed by the owners of more than seventy-five percent of the assessed valuation in the area regardless of their numerical proportion of the total number of landowners in the area. In the alternative, 'a majority of the owners of land in the annexed territory' were also to be deemed sufficient to remonstrate.... [T]he intent of the statute is to count an owner as one remonstrator whether he owns a single parcel or ten different lots.

564 N.E.2d at 299. Construing IC 36–4–3–11(a)(1) to require the owners of a majority of parcels to sign a remonstrance gives multipropertied landowners a greater say in the decision to remonstrate under both subsection(a)(1) and subsection (a)(2). We cannot believe the legislature intended such a result. We hold that each landowner is counted only one time in determining whether a majority exists for remonstrance under IC 36–4–3–11(a)(1), regardless of the number of parcels the person owns.[1]

We reverse and remand.

FRIEDLANDER, J., concurs.

BAILEY, J., dissents with separate opinion.

BAILEY, Judge, dissenting,

I respectfully dissent. I agree with the majority opinion in *City of Fort Wayne v. Certain Northeast Annexation Area Land-*

---

1. *City of Fort Wayne* is the only case to directly address whether people or parcels should be counted to determine a majority for remonstrance purposes. Other cases have referenced either people or parcels as pertinent to the determination of a majority, albeit without discussion.

*Doan v. City of Fort Wayne*, 253 Ind. 131, 252 N.E.2d 415 (Ind.1969) *reh. denied*, (majority of parcels); *Sons v. City of Crown Point*, 691 N.E.2d 1237 (Ind.Ct.App.1998) (majority of landowners); *Petercheff v. City of Indianapolis*, 242 Ind. 490, 178 N.E.2d 746 (1962) (majority of landowners).

*owners,* 564 N.E.2d 297 (Ind.Ct.App.1990), *trans. denied* (Garrard, J., dissenting), which held that multiple owners of a single parcel are to be counted as only one owner, whereas a single owner of multiple parcels counts as an owner for each parcel. *Id.* at 298. Accordingly, because the remonstrating landowners no longer own a majority of parcels in the annexed territory, I would affirm the trial court's dismissal of the remonstrance.