Larry and Sally **ARNOLD**, et al., Appellants (Remonstrators),

v.

**CITY OF TERRE HAUTE**, Indiana, Appellee (Defendant).

No. 84S04–9910–CV–622.

Supreme Court of Indiana.

March 29, 2000.

---

George M. Plews, Jeffrey A. Townsend, Indianapolis, Indiana, Attorneys for Appellants.

John C. Parkinson, Assistant City Attorney, Terre Haute, Indiana, John Christopher Wall, Terre Haute, Indiana, Attorneys for Appellees.

SHEPARD, Chief Justice.

How do you count the remonstrators to an annexation in order to tell whether a majority of the owners of land have remonstrated, as required by Ind.Code § 36–4–3–11(a)?

The simplest practice has been to count the number of parcels and then count how many of these parcels have owners who have objected, without attempting to account for the fact that some people may own more than one parcel in the annexed territory. This has explicitly been the law at least since *City of Fort Wayne v. Landowners*, 564 N.E.2d 297 (Ind.Ct.App.1990), *trans. denied.*

In this case, a divided Court of Appeals rejected *City of Ft. Wayne v. Landowners* and held that an owner of multiple parcels should be considered as an owner of one parcel for purposes of determining whether there is an adequate number of remonstrators to invoke the jurisdiction of the courts. *In re Remonstrance Appealing Special Ordinance*, 712 N.E.2d 529 (Ind. Ct.App.1999).[1] The majority of the panel relied on language in subsection 11(a) providing for remonstrance by "a majority of the owners of land in the annexed territory." This suggested to the majority that the legislature wanted each remonstrator and each owner counted just once, rather than counted for each parcel they may own. *Id.* at 531.

We granted transfer to resolve this conflict. Perceiving no advantage or disadvantage to landowners or municipalities under either approach, we elect to follow the method outlined in *City of Ft. Wayne v. Landowners* as representing relatively settled and simpler law.

The decision in *City of Ft. Wayne* has for some time been the only explicit holding on this point of law and comports with our own understanding of how the statute has historically been viewed.[2] To the extent that the statute contains a suggestion on this point, the suggestion is found in a part of subsection 11(b), which says: "Only one (1) person having an interest in each single property, as evidenced by the tax duplicate, is considered a landowner for purposes of this section." Like the panel in *City of Ft. Wayne*, we think this subsection suggests a regime better described as "one-parcel-one-vote" than as "one-owner-one-vote."

Accordingly, we vacate the opinion of the Court of Appeals in this case and affirm the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

1. It thus reversed the trial court, which had dismissed the remonstrance on the basis of *City of Ft. Wayne.*

2. While the remonstrators find solace in *Sons v. City of Crown Point*, 691 N.E.2d 1237 (Ind. Ct.App.1998), and *Petercheff v. City of Indianapolis*, 242 Ind. 490, 178 N.E.2d 746 (1961), it is apparent that those cases contained description of how the counting occurred but did not address the question of whether the method was proper.