**FOR PUBLICATION**

ATTORNEYS FOR APPELLANTS:

**GORDON A. ETZLER**
**JONATHAN M. PRATT**
Gordon A. Etzler & Associates, LLP
Valparaiso, Indiana

ATTORNEY FOR APPELLEE:

**JERE L. HUMPHREY**
Wyland, Humphrey, Wagner &
Clevenger, LLP
Plymouth, Indiana

FILED
Mar 13 2012, 9:24 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE GUARDIANSHIP OF | ) | |
| HAROLD D. GARDNER, | ) | |
| Scott A. Gardner, Guardian, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 50A03-1108-PL-385 |
| | ) | |
| CARL PROCHNO, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

APPEAL FROM THE MARSHALL CIRCUIT COURT
The Honorable Curtis D. Palmer, Judge
Cause No. 50C01-1101-PL-4

**March 13, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The guardianship of Harold D. Gardner and Harold's guardian, Scott A. Gardner, appeal the trial court's grant of summary judgment in favor of Carl Prochno. The designated evidence in this case shows that Prochno did not receive written notice to terminate his year-to-year tenancy to 240 acres of farm ground owned by Harold within three months of March 1, the generally accepted start date for farm leases. Because we conclude that Indiana Code chapter 32-31-1 requires written notice to terminate a year-to-year tenancy "not less than three (3) months before the expiration of the year," we affirm the trial court's grant of summary judgment in favor of Prochno.

**Facts and Procedural History**

The designated evidence in this case shows that starting in 2006, Prochno rented 480 acres of farm ground in Marshall County, Indiana, from Harold on a year-to-year farm lease. The custom and practice of farm communities in Marshall County is that a farm lease is a year-to-year tenancy that is deemed to commence on March 1 of each year.

On April 11, 2010, Prochno received a Notice to Terminate Tenancy for 240 of the 480 acres "at the expiration of the current year of 2010" from Scott, who is Harold's son, guardian, and attorney-in-fact. Appellant's App. p. 17.

On December 6, 2010, Prochno's attorney sent the following letter to the attorney for Harold's guardianship and Scott:

> Just so that we are clear, Mr. Prochno intends to farm the real estate owned by Mr. Harold D. Gardner for which no notice to terminate tenancy was given. I am enclosing for your reference the notice of termination received by Mr. Prochno and signed by Scott A. Gardner dated April 9, 2010. As

2

you can read, the tenancy was only terminated on three 80-acre parcels totaling 240 acres.

However, Mr. Gardner owns an additional 240 acres for which no notice was given. To illustrate the parcels, I enclose a page from the plat book showing the respective parcels. The parcels outlined in yellow are the parcels for which notice was given and Mr. Prochno will not farm those. The parcels outlined in blue are parcels for which no notice to terminate the tenancy was given. Mr. Prochno intends to farm those areas.

Please confirm so that there is no misunderstanding on your part.

*Id.* at 19.

On January 27, 2011, Scott sent Prochno an amended notice to terminate the tenancy for the 240 acres that were omitted from the original notice to terminate.

On January 31, 2011, Prochno filed a complaint for declaratory judgment against Harold's guardianship and Scott (collectively, "the guardianship") asking the trial court to "declare that [he] has a binding and enforceable contract to farm the real estate [which] was omitted from the original notice terminating tenancy." *Id.* at 12. The guardianship filed an answer including several affirmative defenses.

On March 8, 2011, Prochno filed a motion for summary judgment. He argued that Indiana Code chapter 32-31-1 requires three months' written notice to terminate a year-to-year tenancy. Prochno explained that although he received timely written notice for half of the acreage, he did not receive timely written notice for the other half. Although Prochno conceded that the guardianship had sent him an amended notice that included the omitted acreage, Prochno argued that the amended notice was not timely because it was not sent until January 27, 2011. Because three months' notice from March 1 is required, Prochno's argument continued, the latest the guardianship could have

3

terminated the year-to-year tenancy for the other half of the acreage was November 30, 2010.

On April 15, 2011, the guardianship filed its memorandum in opposition to Prochno's motion for summary judgment and in support of its own motion for summary judgment. The guardianship's memorandum designated only an affidavit from the guardianship's attorney. *Id.* at 41 (noting "in view of the facts and circumstances in this case as set forth above and in the Defendant's Affidavit"), 42 (affidavit). Prochno promptly filed a motion to strike the guardianship's memorandum and affidavit because they were filed four days late. *Id.* at 44. A summary judgment hearing was held, at which the trial court took the motion to strike under advisement. The trial court later granted Prochno's motion to strike and summary judgment in his favor. The order provides, in pertinent part:

> 4. . . . [B]ased upon the Indiana Rules of Trial Procedure and case law, the Court is without discretion to admit evidence filed beyond the time as prescribed by TR 56, regardless of any lack of prejudice to the opposing party. . . .
>
> 5. That the affidavit of the Defendant ought to be stricken.
>
> 6. However, even if Defendant's affidavit had been considered, it does not controvert any of the following findings which are sufficient to allow the Court to grant summary judgment in the Plaintiff's favor.
>
> 7. That the Plaintiff had been farming 480 acres of land owned by the Defendant for a number of years based upon a year to year tenancy.
>
> 8. That IC § 32-31-1-1 *et seq* sets forth the manner in which such tenancies may be terminated.
>
> 9. Such notice of termination must be given to the tenant not less than three (3) months before the expiration of the year. December 1 is the date by

4

which such notice must be given to terminate a year to year tenancy for the upcoming growing season on farm ground.

10. That on April 11, 2010, the Defendant gave written notice to the Plaintiff in the format established by IC § 32-31-1-5, that as of the expiration of the 2010 year he should vacate the tenancy of certain described tracts of the Defendant's farm ground comprising 240 acres. The Plaintiff has complied with this request.

11. That no notice was given to the Plaintiff regarding the remaining 240 acres until January 27, 2011 that the Defendant intended to also terminate the year to year tenancy with regard to the remaining 240 acres of farm ground.

12. That the notice given to the Plaintiff in January of 2011 was untimely as to the 2011 growing season.

13. That no genuine issues as to any material facts exist and the Plaintiff is entitled to the relief prayed for in his Complaint.

*Id.* at 50-52. Accordingly, the trial court struck the guardianship's affidavit and entered a declaratory judgment against the guardianship "finding that for the 2011 growing season the Plaintiff is entitled to farm the 240 acres of the Defendant's ground for which no valid, timely written notice of termination was given." *Id.* at 52. The guardianship filed a motion to correct errors, which the trial court denied.

The guardianship now appeals.

**Discussion and Decision**

The guardianship appeals the trial court's grant of summary judgment in favor of Prochno. The guardianship raises several issues on appeal,[1] but we need address only one of them: whether the trial court erred in granting summary judgment to Prochno

---

[1] Notably, the guardianship does not appeal the trial court's striking of its affidavit.

5

because the guardianship did not give timely written notice to terminate the year-to-year tenancy to the omitted 240 acres.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269-70 (Ind. 2009). All facts established by the designated evidence and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007). Review of a summary judgment motion is limited to those materials designated to the trial court. *Sheehan Constr. Co. v. Continental Cas. Co.*, 938 N.E.2d 685, 688 (Ind. 2010); *see also Filip v. Block*, 879 N.E.2d 1076, 1081 (Ind. 2008) (explaining how parties may choose the placement of evidence designation and noting that the only requirement as to placement "is that the designation clearly identify listed materials as designated evidence in support of or opposition to the motion for summary judgment"), *reh'g denied*.

The guardianship argues that it gave Prochno oral notice that it was terminating his tenancy to all 480 acres before December 1 and furthermore that Prochno had implied notice of the termination based on an advertisement to lease the land in the Farmer's Exchange and the fact that a third party was disking the subject farm ground before December 1. The guardianship claims that based on the oral and implied notice to Prochno and the fact that Indiana Code chapter 32-31-1 does not require the notice to be written, summary judgment was inappropriate. We disagree.

6

First, because the trial court struck the guardianship's affidavit, there is simply no designated evidence in the record that the guardianship gave Prochno oral notice to terminate the tenancy to all 480 acres before December 1 or that Prochno had implied notice. But even if such designated evidence existed, we nevertheless determine that when three sections in Indiana Code chapter 32-31-1 are read together, written notice to terminate a year-to-year tenancy is plainly required.

When courts set out to construe a statute, the goal is to determine and give effect to the intent of the legislature. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1283 (Ind. 2009). The first place courts look for evidence is the language of the statute itself, and courts strive to give the words their plain and ordinary meaning. *Id.* We examine the statute as a whole and try to avoid excessive reliance on a strict literal meaning or the selective reading of individual words. *Id.* We presume the legislature intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result. *Id.* Also, "statutes concerning the same subject matter must be read together to harmonize and give effect to each." *Merritt v. State*, 829 N.E.2d 472, 475 (Ind. 2005); *Cutter v. Classic Fire & Marine Ins. Co.*, 926 N.E.2d 1067, 1077-78 (Ind. Ct. App. 2010).

We start with Indiana Code section 32-31-1-3, which provides that a "tenancy from year to year may be determined by a notice given to the tenant not less than three (3) months before the expiration of the year." Because this section is silent regarding the type of notice that must be given, we proceed to Indiana Code section 32-31-1-5:

7

The following form of notice may be used to terminate a tenancy from year to year:

To (insert name of tenant here):

You are notified to vacate at the expiration of the current year of tenancy the following property: (insert description of property here).

(insert name of landlord here).

The guardianship argues that because this section uses the word "may," *other* types of notice, such as oral or implied, are sufficient to terminate a year-to-year tenancy. However, when Sections 32-31-1-3 and 32-31-1-5 are read together with Indiana Code section 32-31-1-9, the answer becomes clear that written notice is required to terminate a year-to-year tenancy. Section 32-31-1-9 provides:

(a) Notice required under sections 1 through 7 of this chapter may be served on the tenant.

(b) If the tenant cannot be found, notice may be served on a person residing at the premises. The person serving the notice must explain the contents of the notice to the person being served.

(c) If a person described in subsection (b) is not found on the premises, notice may be served by affixing a copy of the notice to a conspicuous part of the premises.

There are several indications in Section 32-31-1-9 that written notice is required. First, subsection (a) provides that the notice may be "served on the tenant." The concept of serving someone suggests that the notice must be written. Second, subsection (b) provides that if the tenant cannot be found, notice may be served on a person residing at the premises. However, "[t]he person serving the notice must explain the contents of the notice to the person being served." The phrases "serving the notice" and "contents of the notice" strongly suggest that written notice is required. Finally, subsection (c) provides

8

that if that other person cannot be found on the premises, "notice may be served by affixing a copy of the notice to a conspicuous part of the premises." This is clear evidence of our legislature's intent that written notice is required to terminate a year-to-year tenancy. Contrary to the guardianship's argument, Section 32-31-1-5 merely provides one example of how that writing may be formatted.

Our conclusion that written notice is required to terminate a year-to-year tenancy is consistent with the statute's underlying policy and goals. That is, the purpose of a notice to terminate a tenancy is to reasonably inform the tenant that the tenancy will not be renewed for an additional year and will terminate at the end of its current term. *See Pilotte v. Brummett*, 165 Ind. App. 403, 332 N.E.2d 834, 840 (1975). Because Prochno did not receive timely written notice to terminate his year-to-year tenancy for 240 of the 480 acres, the trial court did not err in granting summary judgment in favor of Prochno.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.