# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:

**LESLIE C. SHIVELY**
Shively & Associates, P.C.
Evansville, Indiana

**JON LARAMORE**
Faegre Baker Daniels LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**JAMES L. PETERSEN**
**TIMOTHY E. OCHS**
**BRIAN J. PAUL**
Ice Miller LLP
Indianapolis, Indiana

**FILED**
Oct 09 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AMERICAN COLD STORAGE, et al., | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No.  87A01-1112-PL-610 |
| | ) | |
| THE CITY OF BOONVILLE, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable S. Brent Almon, Special Judge
Cause No. 87D01-0810-PL-452

**October 9, 2012**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

In this case, a city passed an ordinance annexing additional territory, which a group of landowners vigorously oppose. Indeed, this is the second time that these litigants have been before a panel of this Court. The issue presented to us this time is how to count State-owned parcels of land that now form State-owned right of ways. The trial court concluded that the parcels should be counted individually. We conclude that this was error, inasmuch as it undermines the General Assembly's intent to provide a mechanism for landowners to oppose annexation.

Appellants-plaintiffs American Cold Storage et al., (collectively, "the Landowners") appeal the trial court's ruling dismissing their challenge to an annexation by the appellee-defendant City of Boonville (Boonville) for lack of subject matter jurisdiction. Specifically, the Landowners argue that the trial court erred by individually counting the State-owned parcels that are now State Road 62 rather than counting State Road 62 as a single piece of real estate. According to the Landowners, counting each individual parcel that is now part of a state highway diluted the percentage of signatures necessary to oppose the annexation.

Boonville cross-appeals arguing that the Landowners have waived this issue because it was available to them during the first appeal and they failed to raise it. Declining to find waiver and concluding that the trial court erred by counting each individual parcel that was acquired to build what is now State Road 62, we reverse and remand for further proceedings consistent with this opinion.

2

FACTS

Boonville is a municipal corporation and political subdivision located in Warrick County. On July 7, 2008, Boonville passed Ordinance 2008-2, which annexed 1,165 acres of real estate located west of Boonville's geographic limits. Public highways border two sections of the proposed annexed territory. The Landowners are 230 individuals, trusts, and corporate entities who oppose the annexation.[1]

On October 3, 2008, the Landowners filed their written remonstrance[2] and verified complaint for declaratory relief. Regarding the remonstrance in Count I, the Landowners objected to Ordinance 2008-2, asserting that the annexation should not occur for numerous reasons, including an inadequate fiscal plan; non-capital services such as police, fire, and street and road maintenance services were already adequately provided for; capital services such as street construction and lighting, sewer and water facilities, and storm drainage facilities were already adequately provided for; the annexation would have a detrimental financial impact on the real estate owners in the affected territory; and the annexation would not be in the best interests of the landowners in the territory proposed to be annexed. For the Landowners to have standing, the remonstrance must be

---

[1] For illustrative purposes only, attached to the end of this opinion are two figures. The first figure illustrates parcels of property owned solely by private landowners. The second figure illustrates the increase in the number of parcels resulting from the State acquiring portions of the landowners' parcels to accommodate a state highway. Additionally, the second figure shows the state highway encompassing the added parcels. Note, however, that the figures are not actual representations of the factual circumstances in this case but are provided to assist the reader in understanding the arguments and our analysis of the issues presented.

[2] According to Black's Law Dictionary, a remonstrance is "[a] presentation of reasons for opposition or grievance." 1298 (7th ed. 1999).

signed by at least 65% of the owners of land in the annexed territory (65% Rule). Ind. Code § 36-4-3-11(a)(1). In the Landowners' claim for declaratory relief in Count II, the Landowners incorporated their remonstrance grievances and alleged statutory deficiencies.

On November 26, 2008, Boonville filed a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1). On March 11, 2010, the trial court entered its order denying Boonville's motion to dismiss.

On March 17, 2010, Boonville filed its motion to certify for interlocutory appeal the trial court's order denying Boonville's motion to dismiss, which the trial court and this Court granted. On June 13, 2011, a panel of this Court issued its decision holding that tax-exempt parcels should be included in determining the total number of parcels in the proposed annexation area. City of Boonville v. Am. Cold Storage, et al., 950 N.E.2d 764, 769 (Ind. Ct. App. 2011), reh'g denied (Boonville I). The panel also concluded that the Landowners lacked standing to seek declaratory relief and rejected their argument that parcels abutting public roadways should be counted in determining whether the remonstrance satisfied the 65% Rule. Id. at 771. The panel remanded for further proceedings consistent with its opinion. Id. at 772.

On October 26, 2011, the Landowners filed their brief in support of their position regarding how the State Road 62 parcels should be counted and motion requesting a hearing for a determination of the sufficiency of the remonstrance. Boonville opposed the motion.

4

On December 19, 2011, the trial court dismissed the complaint. The Landowners filed their notice of appeal on December 21, 2011. Then, on January 17, 2012, the Landowners filed a motion to correct error, which prompted this Court to remand once again. On March 23, 2012, after receiving briefs and hearing argument from both sides, the trial court denied the Landowners' motion to correct error. This Court resumed jurisdiction on April 3, 2012.

DISCUSSION AND DECISION

The Landowners argue that the trial court erred in dismissing their remonstrance for lack of subject matter jurisdiction. More particularly, the Landowners contend that the trial court should not have included the parcels that were acquired by the State to construct what is now State Road 62.

I. Waiver

As an initial matter, Boonville maintains that the Landowners have waived their argument by failing to raise it in the first appeal. As stated in the FACTS, the main issue in the first appeal was whether tax-exempt parcels should be included in determining the total number of parcels in the proposed annexation area. See Boonville I, 950 N.E.2d at 767-69.

Boonville points out that of the 109 tax-exempt parcels within the annexed territory, by the Landowners' calculations, eighty-eight of them are State right-of-way properties and that the Landowners understood this at the time of the first appeal. In

5

support of this assertion, Boonville directs us to the Landowners' 2009 brief that they filed with the trial court in which they made the following argument:

> The parcels in the name of the State of Indiana are in fact parts of one public right-of-way which is S.R. 62. Under Indiana law these parcels would constitute only one parcel and owner and are not available to be counted as properties of remonstration owners.

Appellee's App. p. 19. Nevertheless, according to Boonville, the Landowners failed to pursue this related question during the first appeal.

An issue that was known and available but not raised in the first appeal is waived as a basis for relief in subsequent proceedings. Citizens Action Coal. of Ind. Inc., v. N. Ind. Pub. Serv. Co., 582 N.E.2d 387, 391-92 (Ind. Ct. App. 1991). In other words, all questions presented by the record from a final judgment must be presented on the first appeal. Id.

Here, the precise question presented to this Court is the total number of parcels in the proposed annexation territory. More precisely, the dispositive legal issue is how to count the parcels that now comprise State Road 62. This question encompasses whether a state highway is multiple parcels or a single parcel for purposes of the remonstrance statute.

By contrast, before the trial court issued its ruling that was the subject of the first appeal to this Court, it requested briefing on four specific legal issues, including the three presented on the first appeal, namely, whether to include tax-exempt parcels in determining whether the 65% Rule had been met, whether the Landowners had standing

6

to bring a declaratory judgment, and whether to include parcels that abut public roadways.[3] Boonville I, 950 N.E.2d at 767. These are different questions from whether a State highway is one parcel or multiple parcels for purposes of the 65% Rule. Lastly, "we prefer to decide a case upon the merits whenever possible." United Farm Family Mut. Ins. Co. v. Michalski, 814 N.E.2d 1060, 1067 (Ind. Ct. App. 2004). Consequently, we decline to find that the Landowners have waived this issue.

## II. How to Count the Parcels Comprising State Road 62

### A. Standard of Review

The Landowners argue that the parcels acquired by the State for building a state highway should be counted as one parcel for purposes of the 65% Rule contained in Indiana Code section 36-4-3-11 (Remonstrance Statute) . This argument presents a legal question, which this Court reviews de novo. Sun Life Assurance Co. of Can. v. Ind. Dep't of Ins., 868 N.E.2d 50, 55 (Ind. Ct. App. 2007).

The issue presented requires us to interpret the Remonstrance Statute. If a statute is unambiguous, we must give the statute its clear and plain meaning; however, if a statute is ambiguous, we must ascertain the legislature's intent and interpret the statute to effectuate that intent. Robinson v. Gazvoda, 783 N.E.2d 1245, 1249-50 (Ind. Ct. App. 2003). A statute is ambiguous if it is susceptible to more than one reasonable interpretation. Id. at 1250.

---

[3] The fourth issue that was briefed but not considered on appeal in Boonville I was whether the signatures of parcel owners who executed City of Boonville Sewer Applications containing a waiver of the right to remonstrate against annexation should be counted in determining whether the 65% Rule had been satisfied. Appellee's App. p. 19-20.

The Remonstrance Statute provides, in relevant part:

(a) . . . whenever territory is annexed by a municipality under this chapter, the annexation may be appealed by filing with the circuit or superior court of a county in which the annexed territory is located a written remonstrance signed by:

(1) at least sixty-five percent (65%) of the owners of land in the annexed territory; or

(2) the owners of more than seventy-five (75%) in assessed valuation of the land in the annexed territory.

## B. Precedent Interpreting Remonstrance Statute

Boonville contends that precedent interpreting the Remonstrance Statute has made clear that all property is to be counted in determining whether the 65% Rule has been met. Boonville points out that if the phrase "owners of land" contained in Section (a)(1) of the Remonstrance Statute is broad and general enough to include owners of tax-exempt land, as a panel of this Court concluded in Boonville I, 950 N.E.2d at 769, it is broad and general enough to include owners of right-of-way land.

Panels of this Court and our Supreme Court have previously interpreted the Remonstrance Statute in similar contexts. For instance, in City of Fort Wayne v. Certain Northeast Annexation Area Landowners, 564 N.E.2d 297, 298 (Ind. Ct. App. 1990), a panel of this Court concluded that for calculating the number of remonstrators that "multiple owners of a single parcel are to be counted as only one owner. A single owner of multiple parcels, on the other hand, counts as an owner for each parcel."

Then, in Arnold v. City of Terre Haute, 725 N.E.2d 869, 870 (Ind. 2000), our Supreme Court elected "to follow the method outlined in City of Ft. Wayne v. Landowners as representing relatively settled and simpler law." The Arnold Court reasoned that, like the City of Fort Wayne panel, it thought that Subsection 11(b) of the Remonstrance Statute, which states in relevant part that "[o]nly one (1) person having an interest in each single property, as evidenced by the tax duplicate, is considered a landowner for purposes of this section," "suggests an interpretation better described as 'one-parcel-one-vote' than as 'one-owner-one-vote.'" Id. at 870.

Finally, in Boonville I, a panel of this Court determined that the landowners had misinterpreted the Remonstrance Statute by arguing that tax-exempt parcels should not be counted for purposes of the 65% Rule. 950 N.E.2d at 768. The panel reasoned that tax-exempt parcels have an assessed value and are listed on a tax duplicate. Id. The panel also explained that the Remonstrance Statute does not limit the phrase "owners of land" under the 65% Rule with the modifier "taxable" before the word "land." Id. at 769.

### C. Application to the Instant Case

At first blush, these cases seem to support Boonville's position that each parcel which now comprises State Road 62 should be counted individually. However, as the Landowners point out, the state highway parcels do not have a tax-assessed value and

9

have been removed from the tax duplicate.[4]  Appellants' App. p. 160.  Accordingly, at least a portion of the reasoning in Boonville I is no longer persuasive.

Additionally, in Boonville I, a panel of this Court concluded that parcels adjacent to public roads but not included in the annexed territory should not be counted in determining whether the 65% Rule had been satisfied.  950 N.E.2d at 772.  Specifically, the panel stated that "the State – not the adjacent property owners – controls and owns Highway 62 and Millersburg Road."  Id.  Indeed, it is well established that the State owns state highways and that a state highway is referred to as a single entity rather than as separate parcels.  See S. Ind. Gas & Elec. Co. v. Dep't of Highways, 533 N.E.2d 1289, 1293 (Ind. Ct. App. 1989) (stating that "in the absence of a statutory provision to the contrary, ownership of public ways lies in the State").

Likewise, Indiana Code section 36-4-3-2.5, which defines "public highway" for purposes of municipal annexation under Indiana Code section 9-25-2-4 as "a street, an alley, a road, a highway, or a thoroughfare in Indiana, including a privately owned business parking lot and drive, that is used by the public or open to use by the public." The language of this statute along with Boonville I indicates that State Highway 62 is a single asset or property rather than multiple parcels of land.

---

[4] Boonville directs us to the affidavit of Jeffrey A. Volz, the Director of Operations and Data Analysis with the Indiana Department of Local Government Finance.  In his affidavit, Director Volz stated that he had access to tax duplicate data and attached a tax duplicate with the State-owned parcels for 2007-2008. We note that the Landowners' 2011 affidavit from the auditor of Warrick County stating that State-owned parcels did not have an assessed value and had not been issued a tax duplicate is more recent.  Appellants' App. p. 160.

Perhaps most compelling, including each individual parcel that was acquired for a public highway when counting the total number of parcels in a proposed annexation area would include many parcels that would neither support nor oppose annexation. There is no authority which permits the State to take a position one way or the other on any local annexation. Consequently, under these circumstances all public highway parcels would be silent as to the numerator portion of the 65% Rule equation; however, they would be counted in the denominator.

Even assuming solely for argument's sake that the State may take a position and has an interest in doing so because of various fees it might have to pay or regulations to which it might be subjected, this point does not support giving the State multiple votes based on the arbitrary number of parcels that it had acquired for a state right-of-way when the State is simply another landowner. In any event, under either scenario, if each parcel of a public highway is counted separately, the remonstrance process is distorted.

To be sure, in some cases, including each parcel that the State acquired to build a state right-of-way would make it impossible for remonstrators to garner enough signatures to satisfy the 65% Rule because the state right-of-way could represent more than 35% of the parcels in a proposed annexation area. We think that such a result undermines the intent of the General Assembly to provide a mechanism for remonstrators to challenge a municipality's annexation plan. See State ex rel. Ind. State Police v. Arnold, 906 N.E.2d 167, 170 (Ind. 2009) (stating that the primary goal of statutory construction is to ascertain and effect the intent of the legislature); Gardner v. Prochno,

11

963 N.E.2d 620, 624 (Ind. Ct. App. 2012) (observing that "[w]e presume the legislature intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result").

Consequently, we conclude that the trial court erred, insofar as it counted the separate parcels that were acquired by the State to build State Road 62 rather than counting State Road 62 as a single parcel under the Remonstrance Statute. Accordingly, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROBB, C.J., concurs.

BRADFORD, J., dissents with opinion.

**Figure 1:** -Parcels A, B, C, and D are owned by private landowners.

| | |
|---|---|
| **Parcel A** | **Parcel B** |
| **Parcel C** | **Parcel D** |

**Figure 2:** The shaded portion encompassing Parcels E and F represents a state highway, which is the reason that the state acquired portions of Parcels A, B, C, and D. Nevertheless, Parcels E and F are one state highway.

| | |
|---|---|
| **Parcel A** | **Parcel B** |
| **Parcel E**<br>**STATE** | **Parcel F**<br>**HIGHWAY** |
| **Parcel C** | **Parcel D** |

# IN THE
# COURT OF APPEALS OF INDIANA

AMERICAN COLD STORAGE, *et al.*,     )
    )
     Appellants-Plaintiffs,     )
    )
     vs.     )     No. 87A01-1112-PL-610
    )
THE CITY OF BOONVILLE,     )
    )
     Appellee-Defendant.     )

**BRADFORD, Judge, dissenting**

First, I would accept Boonville's argument that the question of how the State-owned parcels should be counted has been waived. Second, I would conclude that the parcels owned by the State should be treated no differently than any other parcel for purposes of the 65% rule of the remonstrance statute. Consequently, I respectfully dissent.

## I. Waiver

I would not address the Landowners' argument regarding how the State-owned parcels should be treated because it was not raised before the first appeal. "The law is well-established that an issue is waived if it was available on the first appeal but was not

14

presented." *Citizens Action Coal. of Ind., Inc. v. N. Ind. Pub. Serv. Co.*, 582 N.E.2d 387, 391 (Ind. Ct. App. 1991). The Landowners point out that the precise question at issue in this appeal was not available in the first appeal in this case because it had not been litigated yet in the trial court. While this is true, in my view it is beside the point. The Landowners do not offer any explanation for their failure to raise this issue before the first appeal, and now its litigation has given rise to another appeal. "A case cannot be strung out indefinitely by bringing one issue after another before a court in piecemeal fashion at the option and with the delays which a [party] may see fit to use." *Callahan v. State*, 247 Ind. 350, 356, 214 N.E.2d 648, 652 (1966). "Judicial procedure would have no orderliness, but in fact, it would be chaotic if we were to recognize the contention that a party is not bound to use diligence and act promptly in presenting his side of a law suit." *Id*. Although there is no reason to believe that the Landowners are attempting to "string out" this case, I am concerned that allowing this claim to proceed will encourage such behavior in the future.

## II. How the State-Owned Parcels Should be Counted

Moreover, if I were to reach the merits of the Landowners' claim, I would conclude that all of the State-owned parcels should be counted individually for purposes of the 65% rule. The remonstrance process is purely statutory, and, as such, is governed by the rules of statutory interpretation. "The interpretation of a statute is a question of law reserved for the courts." *Scott v. Irmeger*, 859 N.E.2d 1238, 1239 (Ind. Ct. App. 2007).

15

A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Rupert v. State*, 717 N.E.2d 1209, 1210 (Ind. Ct. App. 1999).

*Fuller v. State*, 752 N.E.2d 235, 237-38 (Ind. Ct. App. 2001).

In my view, the Indiana Supreme Court's 2000 holding in *Arnold*, which interpreted the remonstrance statute and adopted a "'one-parcel-one-vote'" regime, controls. The Landowners argue that a distinction between "land" and "public highways" can be inferred from the annexation statutes, from which it can further be inferred that the exclusion of the term "public highway" from the remonstrance statute indicates that it should be only counted as one parcel. First, the statutes in question certainly make no clear distinction between "land" and "public highways," most importantly by failing to define "land" as anything other than *all* land. Quite simply, "public highway" is a subset of "land"–not a different concept. The most reasonable reading of the remonstrance statute is therefore that all land is to the treated the same for purposes of the 65% rule. "'It is the function of this court to ascertain and implement the legislature's intent and the legislature's intent must be primarily determined by giving effect to the ordinary and plain meaning of the language used in the statute.'" *Henricks v. Fletcher Chrysler Prods., Inc.*, 570 N.E.2d 115, 116 (Ind. Ct. App. 1991) (quoting *Irmscher v. McCue*, 504

16

N.E.2d 1034, 1036. (Ind. Ct. App. 1987)), *trans. denied.* The General Assembly has had twelve years to alter the Indiana Supreme Court's "one-parcel-one-vote" interpretation, which I take as strong support for the proposition that it represents legislative intent. "[I]t is well-established that a judicial interpretation of a statute, particularly by the Indiana Supreme Court, accompanied by substantial legislative inaction for a considerable time, may be understood to signify the General Assembly's acquiescence and agreement with the judicial interpretation." *Fraley v. Minger*, 829 N.E.2d 476, 492 (Ind. 2005). In any event, if we were to accept the Landowners' argument that "land" and "public highway" are two different concepts, it would follow that the State-owned land would not be counted at all, not that it would be counted once, as the Landowners assert. Absent explicit language to that effect that "land" and "public highway" are to be counted differently, I would conclude that we remain bound by *Arnold*.

The Landowners also argue that individually counting the State-owned parcels that make up Highway 62 distorts the remonstrance process in this case and "might make an effective remonstrance literally impossible" in other cases. Appellant's Reply Br. at 5. While I agree that counting the State-owned parcels individually might make it more difficult, or even impossible, to reach the 65% threshold, I cannot conclude that the process is "distorted." After all, the statutory framework itself clearly contemplates that opponents of annexation may be thwarted by other landowners who either desire annexation or simply do not care. For example, very few, if any, would consider the remonstrance process distorted where the owner of many rental properties in a tract of

17

land desires annexation and refuses to support remonstrance. The General Assembly has provided a process for challenging annexation, and if we conclude that the process is distorted in this case simply because it does not seem that the Landowners will be able to remonstrate, I have a difficult time seeing how we could avoid reaching the same conclusion in *any* case where the challengers are unable to reach the statutory thresholds.[5]

I respectfully dissent.

---

[5] I would note that the Landowners could also have sought remonstrance under Indiana Code section 36-4-3-11(a)(2)'s "75% rule," but apparently did not. Subsection (2) allows appeal from annexation by a remonstrance signed by "the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory." Indeed, application of the 75% rule would greatly favor the Landowners in this case, because the State-owned land at issue no longer has any assessed value and would not be counted under subsection (2).