ATTORNEYS FOR APPELLANTS
Jon B. Laramore
Donald E. Morgan
Faegre Baker Daniels LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
James L. Petersen
Timothy E. Ochs
Brian J. Paul
Hilary G. Buttrick
Ice Miller LLP
Indianapolis, Indiana

## In the
## Indiana Supreme Court



No. 87S01-1303-PL-157

AMERICAN COLD STORAGE, *ET AL.*,　　　　*Appellants (Remonstrators/Plaintiffs),*

v.

THE CITY OF BOONVILLE,　　　　　　　*Appellee (Defendant).*

Appeal from the Warrick Superior Court, No. 87D01-0810-PL-452
The Honorable S. Brent Almon, Special Judge

On Transfer from the Indiana Court of Appeals, No. 87A01-1112-PL-610

**January 21, 2014**

**Dickson, Chief Justice.**

This appeal arises from an action by numerous landowners to remonstrate against an attempt by the City of Boonville to annex 1,165 acres of real estate located west of Boonville's geographic limits. The sole disputed issue in this appeal is whether the statutory prerequisite sixty-five percent (65%) of remonstrating landowners is to be determined by separately counting the multiple parcels acquired by the State for an adjoining public roadway or collectively as one parcel.

In 2008, the City of Boonville ("City") passed an ordinance to annex 1,165 acres to its

west.  Later that year, 230 individuals, trusts, and corporate entities ("Landowners") opposed to the annexation filed an action denominated "Written Remonstrance and Complaint for Declaratory Relief."  Central to this case is Indiana Code Section 36-4-3-11(a) (the "Remonstrance Statute"), which provides in relevant part:

> [W]henever territory is annexed by a municipality under this chapter, the annexation may be appealed by filing with the circuit or superior court of a county in which the annexed territory is located a written remonstrance signed by:
> > (1) at least sixty-five percent (65%) of the owners of land in the annexed territory; or
> > (2) the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.

Ind. Code § 36-4-3-11(a) (2012).  The City moved to dismiss, claiming that the Landowners did not satisfy the statutory requirement that at least 65% of landowners in the annexed territory or 75% of landowners by assessed value in the annexed territory sign the remonstrance.


In February, 2010, the trial court, denying the City's motions to dismiss, expressly addressed "four threshold legal issues presented by the motions as identified by the parties."  Appellee's App'x at 32.  Its rulings were:

1. [T]ax-exempt parcels should not be included in applying the 65% rule to determine the total number of parcels in the annexed area or the total number of landowners joining in the remonstration.
2. Signatures of parcel owners who personally executed the City of Boonville Sewer applications that contained a waiver of right to remonstrate against annexation are not to be counted to determine if 65% of the owners in the annexed territory have remonstrated.  Taxable parcels of owners who have executed waivers are to be included in the total number of parcels in the annexed territory.
3. Those parcels extending under a public roadway that forms a boundary to the annexed territory, but that do not otherwise extend into the annexed territory, are not to be counted, either in the total parcels in the annexed territory or as a remonstrating parcel, to determine if the IC 36-4-3-11(a)(1) requirement of participation by 65% of landowners in the annexed territory for remonstrance is met.
4. Plaintiffs have standing, and may raise by action for declaratory relief, threshold jurisdictional issues, including compliance with notice requirements, as plead in Count II of Plaintiffs' Complaint.

Appellee's App'x at 35–39.

The City then took an interlocutory appeal, and the Court of Appeals held (a) that all

2

property, whether taxable or tax exempt, should be counted in determining standing;[1] (b) that the Landowners may only challenge an annexation by a valid remonstrance and not by a declaratory judgment action; and (c) that the owners of land adjacent to and north of roadways on the north side of the annexed territory do not have standing to join in the remonstrance. The Court of Appeals thus reversed the trial court's ruling on the tax-exempt property and declaratory judgment issues and affirmed the trial court's ruling on the adjacent landowner issue, remanding to the trial court for further proceedings. City of Boonville v. Am. Cold Storage, 950 N.E.2d 764, 769–71 (Ind. Ct. App. 2011) ("Boonville I"), *reh'g denied, trans. not sought*. Because none of the parties sought transfer, these rulings have become the law of the case without this Court's review.

Upon remand and after further proceedings, on December 19, 2011, the trial court dismissed the Landowners' action for lack of subject matter jurisdiction. The Landowners then initiated the present appeal, asserting that the trial court, in calculating whether the 65% remonstrance threshold was satisfied, erroneously separately counted those parcels that had been acquired by the State and that now comprise State Road 62, thereby precluding the remonstrators from satisfying the threshold. The City disagreed and also argued that the claim had been waived. The Court of Appeals reversed, declining to find waiver, and held that the multiple parcels acquired by the State to build State Road 62 should be counted as a single parcel under the Remonstrance Statute. Am. Cold Storage v. City of Boonville, 977 N.E.2d 19, 25 (Ind. Ct. App. 2012) ("Boonville II"). The City sought transfer, which we granted. We thus now consider the merits of this appeal by the Landowners, Ind. Appellate Rule 58(A), but do so within the context of the previous determinations made in Boonville I. We summarily affirm the Court of Appeals in rejecting the City's claim of waiver and now address the sole remaining issue: in determining whether the remonstrating Landowners comprise 65% of the owners of the annexed territory, should the calculation count the adjoining portion of State Route 62 as the separate parcels acquired by the State or as a single parcel?

The issue of several or collective parcel-counting under this same statute, Indiana Code

---

[1] This holding effectively precluded the Landowners from satisfying the option of satisfying the standing requirement as "owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory." Ind. Code § 36-4-3-11(a)(2) (2012).

3

Section 36-4-3-11(a), was previously discussed in Arnold v. City of Terre Haute, 725 N.E.2d 869 (Ind. 2000), and in City of Fort Wayne v. Certain Northeast Annexation Area Landowners, 564 N.E.2d 297 (Ind. Ct. App. 1990), *trans. denied*. In Arnold, the question was: "How do you count the remonstrators to an annexation in order to tell whether a majority of the owners of land have remonstrated, as required by Ind. Code § 36-4-3-11(a)?" 725 N.E.2d at 870. The opinion does not disclose the nature of the parcels whose counting was at issue. In a very brief opinion, the Court ultimately adopted the methodology espoused by the Court of Appeals in City of Fort Wayne: "count the number of parcels [in the annexed area] and then count how many of these parcels have owners who have objected, without attempting to account for the fact that some people may own more than one parcel in the annexed territory." *Id*. This method reflects a "one-parcel-one-vote" rule versus a "one-owner-one-vote" rule. *Id.* In City of Fort Wayne, the issue on appeal was whether owners of multiple parcels should be counted as only one owner of land. Upholding the validity of the remonstrance, the court held: "[M]ultiple owners of a single parcel are to be counted as only one owner. A single owner of multiple parcels, on the other hand, counts as an owner for each parcel…." 564 N.E.2d at 298.

But neither Arnold nor City of Fort Wayne involved land under a public highway, which is at issue in the present case. Further distinguishing the present controversy, in Boonville I, now the law of the case, the Court of Appeals affirmed the trial court's determination that:

> Those parcels extending under a public roadway that forms a boundary to the annexed territory, but that do not otherwise extend into the annexed territory, are not to be counted, either in the total parcels in the annexed territory or as a remonstrating parcel, to determine if the IC 36-4-3-11(a)(1) requirement of participation by 65% of landowners in the annexed territory for remonstrance is met.

Appellee's App'x at 37. In reaching this decision, the trial judge reasoned that the fee owners of the parcels under the highway had "little or no right to make any use of the public right-of-way, apart from the common right of the public in general to travel over the roadway." *Id*. The Court of Appeals agreed: "[W]hile the property owners own the soil underneath these public roadways, they do not own the roadways themselves, which is all that is being annexed." Boonville I, 950 N.E.2d at 771. The court further declared, "Here, the State—not the adjacent property owners—controls and owns Highway 62….The State alone has control over Highway 62…and for all

4

practical purposes, it has control of the land underneath the roads." *Id*. at 772.  This emphasizes the reality that the parcels acquired for the construction of a public highway are put to a single use and retain no meaningful separate and independent function.  Here, the Court of Appeals in Boonville I previously ruled that the separate parcels were not to be counted except as constituting the public highway.  These facts distinguish the present case from the private owners of multiple parcels in Arnold and City of Fort Wayne.

We hold that the land in this case, which comprises the portion of State Road 62 included in the annexed territory, should be considered and counted as a single parcel in determining whether the remonstrating Landowners comprise 65% of the owners of the annexed territory. We therefore reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

Rucker, David, Massa, and Rush, JJ., concur.